## PETER E. WRIGHT *vs.* THE GERMAN BREWING COMPANY.

*Bonds—Alleged Concealment by Obigee of Principal's Fraud.*

In an action against the surety on a bond conditioned for the faithful per-
formance of his duty by a selling agent of the plaintiff, where the dec-
laration alleged that the agent had failed to account for property re-
ceived by him, one of the defendant's pleas alleged that the plaintiff at
the time of obtaining the bond had fraudulently concealed the fact that
the agent—the principal in the bond—while in plaintiff's previous em-
ployment had committed the crime of forgery by raising a freight bill.
*Held*, that the evidence is legally insufficient to support this plea, or to
show that the plaintiff knew before the delivery of the bond that the
defendant was to be a surety thereon.

Appeal from the Circuit Court for Allegany County (R. R.
HENDERSON, J.)

The cause was argued before McSHERRY, C. J., BRISCOE,
PAGE, BOYD, SCHMUCKER, JONES and BURKE, JJ.

*David J. Lewis* (with whom was *Geo. A. Pearre* on the
brief), for the appellant.

*Albert A. Doub*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is a suit at law, brought in the Circuit Court of Alle-
gany County by the appellee, the German Brewing Company,
a corporation, duly incorporated under the laws of the State,
against the appellant, as co-surety, on a bond conditioned for
the faithful performance of duty, by an agent employed by
the appellee corporation.

The bond sued on is dated the 29th of October, 1904, and
states, "that Roger C. Sinn has entered into an agreement
with the German Brewing Company of Allegany County, to
buy and sell their beer exclusively in Lonaconing, Md.," and
other described territory in accordance with the terms and

conditions of an agreement executed by them. This agreement is dated on the 28th of October, 1904, and is in effect as follows, that the agent had agreed to handle the beer of the Brewing Company during the continuance of the contract and to sell the same at not less than seven ($7.00) dollars per barrel, and one ($1.00) dollar per case of two (2) dozen pint bottles, agreeing not to solicit, sell or deliver beer to any dealer or person doing business or living within the territory now covered by any other agent and to return promptly, to the Brewing Company, all cooperage, bottles and cases at his own expense f. o. b. cars Lonaconing; that he further agreed to keep all the beer purchased by him in good merchantable condition satisfactory to the parties; that he also agreed to pay the Brewing Company for all beer and ice within thirty (30) days from date of shipment.

The bond was executed by the agent, with Peter E. Wright and W. H. Black as sureties, and its condition was, that "if the principal should well and truly carry out and perform all the acts required by the agreement, then the obligation to be void, otherwise to be and remain in full force and virtue in law."

The declaration states the breach of the contract to be that the obligor had failed to pay, upon demand, for a large quantity of beer and ice shipped and delivered to him, in accordance with the terms of the contract, towit, the sum of $1,176.79.

To the declaration the defendant filed in addition to the plea of *non est factum* two other pleas. The second plea alleges, that the defendant signed the bond as surety upon the condition that it should also be signed by one Wm. H. Black, but the principal falsely and without authority forged the name of Black to the bond. The third plea, was to the effect that the bond, and the defendant's signature thereto, were obtained by the misrepresentation of the appellee corporation as to the character of the principal of the bond and the fraudulent concealment by the plaintiff of the fact that the agent while in its employ as shipping clerk before the delivery of the bond, committed the crime of forgery, by raising a freight bill.

The plaintiff replied to the defendant's second and third pleas, and specifically denied the allegations of fact set out in them. Upon the issue joined on the first plea and the plaintiff's replication to the second and third pleas, the case proceeded to trial. The defendant reserved three exceptions, two of which relate to the action of the Court in granting motions to strike out certain testimony, which had been admitted subject to the right to strike it out at the close of the case and the third to the rulings of the Court upon the prayers. The verdict and judgment being for the plaintiff, the defendant has appealed.

The contention as to the liability of the bond by reason of the averments set out in the second plea was abandoned by the appellant at the hearing in this Court. It was conceded that the identical question there involved, had been settled by the case of *Harris* v. *Register,* 70 Md. 110. It will not be necessary for us to consider, then, the propriety of the Court's ruling, embraced in the first exception, nor in rejecting the defendant's first prayer bearing upon the question.

The second exception embraces the plaintiff's motion to strike out all the testimony which had been offered for the purpose of sustaining the allegations of the third plea and for the purpose of showing that the principal and agent, while in the plaintiff's employment as shipping clerk sometime before the delivery of the bond committed the crime of forgery by raising a freight bill. There was no error in the action of the Court upon this ruling. There was no sufficient evidence that the principal on the bond had raised a freight bill or had committed forgery while in the plaintiff's employ to sustain the plea. Mr. W. C. White, the president of the company testified, "that whether the bill had been raised as a fact or not, he could not say." According to the proof, the appellee company had no knowledge of the fact, that the appellant was to be one of the sureties, on the bond, until after it had been delivered.

In *Lake* v. *Thomas,* 84 Md. 624, in passing upon a similar question, it was distinctly said a creditor is not bound in the

absence of inquiries from the sureties to communicate to them all the circumstances that may affect their undertaking. And in *Magee* v. *Manhattan Life Ins. Co.*, 92 U. S., the Supreme Court says: "A fraudulent concealment is the suppression of something which the party is bound to disclose. To constitute fraud the intent to deceive must clearly appear. The mere relation of principal and surety does not require the voluntary disclosure of all the material facts in all cases. The same rule as to disclosures does not apply in cases of principal and surety as in cases of insurance on ships or lives." "To render the general allegation of concealment sufficient in a pleading, it is necessary also to aver that the creditor either procured the surety's signature, or was present when the instrument was executed, and then misrepresented or concealed certain facts which should have been disclosed; otherwise the allegation of fraud is only the pleader's deduction."

It will be thus seen, that with this evidence excluded to sustain the third plea, there was nothing upon which the defendant's case could rest, except under the plea of *non est factum*. And it is admitted, that the defendant and the principal signed, sealed and delivered the bond to the plaintiff.

The defendant's first and second prayers raised the precise questions passed upon and considered by us in the motions to strike out testimony embraced in the first and second exceptions and need not be further considered here.

The third and fourth prayers were especially excepted to by the plaintiff and were properly rejected for the want of evidence to support them.

The plaintiff's prayers contain no reversible error, and as we fully agree with the plaintiff's contention that the defendant is liable as surety, upon the bond in controversy, under the facts of the case, the judgment will be affirmed.

*Judgment affirmed, with costs.*

(Decided April 6th, 1906.)